Scott, C. J.
This is a petition in error to reverse a judgment of the district court of Wayne county, rendered June 25, 1861. On the 6th of February, 1864, the plaintiff in error filed his motion in this court for leave to file a petition in error for the reversal of said judgment. This motion was ^accompanied by a formal petition in error, which the clerk, at the same time, marked “filed.”
The" motion came on for hearing on Saturday, March 12, 1864, and previous notice having been given to the defendant, pursuant to the rules of this court, the motion was granted, and leave given to file the petition. The plaintiff thenceforward left in the clerk’s office the petition which had been previously filed, but no summons in error was issued in the case, nor was any precipe for a summons filed with the clerk until long after the expiration of the term of throe years from the date of the judgment sought to be reversed. At the last term of this court, the defendant moved to dismiss the case, on the ground that no suit in error had been commenced by the plaintiff within the time limited for that purpose by the statute. This motion was Overruled, the court holding that an issue, in regard to the matter alleged by the defendant, could properly be made only by regular pleadings of the parties and giving the defendants leave to answer, setting up the statutory limitation of three years. The defendant has since answered accordingly, and the demurrer of the plaintiff thereto presents the question, whether the,acts done by the plaintiff, as hereinbefore stated, constitute the *260 commencement of a suit or proceeding in error, within the meaning of the statute.
The limitation of the statute is in these words: “No proceeding for reversing, vacating, or modifying judgments or final orders shall be commenced unless within three years after the rendition of the judgment, or making of the final order complained of.” Code, sec. 523.
Now, if when a plaintiff in error has filed his petition in the office of the clerk of the proper court, the “proceeding” or suit in error has been “commenced,” within the meaning of this statute, then there is no statutory bar in this case, the petition having been filed within three years from the rendition of the judgment complained of. For though the petition when first filed with the application for leave, could only be regarded, for the purposes of the motion then pending, as an assignment of errors, yet, after the granting of leave, the plaintiff left it on file, properly indorsed by the clerk, and we think the objection, that there should have been a distinct act *of refiling after leave granted, is too technical and unsubstantial to require grave consideration. But if, on the other hand, a 11 proceeding ” or suit in error is not to be regarded as “ commenced” by the mere filing of a petition, upon leave regularly obtained, without doing more, then the bar of the statute may well be set up in this case, for the plaintiff did nothing more than this within the three years.
In regard to the commencement of a civil action, the 55th and 56th sections of the code provide as follows:
“ Seo. 55. A civil action must bo commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to be issued thereon.
“Seo. 56. The plaintiff shall also file with the clerk of the court, a precipe stating the names of the parties to the action, and demanding that a summons issue thereon.”
And in the second title, which treats of the “time of commencing civil actions,” the 20th section, under the head of “general provisions,” enacts that—
“An action shall be deemed commenced within the meaning of this title, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him; where service by publication is proper, the action shall be deemed commenced at the date of the *261 first publication, which, publication must be regularly made. An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this title, when the party faithfully, properly, and diligently endeavors to procure a service; but such attempt must be followed by service within sixty .days.”
These provisions of the statute are explicit, and clearly require that an original civil action shall not be deemed commenced until jurisdiction is obtained of the defendant, by the service of a summons, or by regular publication, and then, by relation, the action is to be regarded as commenced at the date of the writ of summons first issued, within sixty days preceding, or at the date of the first publication which is regularly made.
*These provisions would seem, however, to relate directly to the commencement of original civil actions only.
Proceedings in error are provided for and regulated under a subsequent and distinct title.
Under the head of “ error in civil cases,” the 16th title of the code |>rovides for the reviewing by superior courts of a judgment rendered or final order made by an inferior court or tribunal, and prescribes how proceedings shall be instituted in the proper court for the purpose of reversing, vacating, or modifying such judgments or final orders.
Many special provisions in this part of the code distinguish a suit or proceeding in error from the general civil action of the code to which the 20th section directly refers.
Section 515 enacts that, “The proceedings to obtain such reversal, vacation, or modification shall be by petition, to be entitled ‘petition in error,’ filed in a court having power to make such reversal, vacation, or modification, setting forth the errors complained of, and thereupon a summons shall issue, and be served, or publication made, as in the commencement of an action. A service on the attorney of record in the original case shall be sufficient,” etc.
The expression, “ as in the commencement of an action,” is clearly indicative of a distinction between proceedings in review of a prior judgment, and the general “action” of the code. But, at the same time, it must be admitted that proceedings for the reversal, vacation, or modification of a judgment are as truly adversary in their character as an original action; they constitute a distinct suit between the parties, and result in a judgment of the *262 court; and tbe direct requirement of the statute is, that they shall be instituted or commenced by petition filed in the proper court, and a summons to be thereupon issued and served, or publication made “as in the commencement of an action.” No special rule iis prescribed as to what shall constitute the commencement of such a suit. But it is to be commenced in the same manner and by tbo same acts which are required in the commencement, of an original action. When “ an action ” shall be deemed commenced, within the moaning’ of the several sections which limit the time within which it may be brought, is expressly ^declared; no good reason is perceived for adopting a different rule in regard to this class of cases. We think the rule prescribed by the 20th section of the code must, by analogy at least, be held to govern also in determining what shall constitute the commencement of a proceeding in error.
On the same principle, it was said by this court, in Smetters v. Rainey et al., 14 Ohio St. 290, that “sections 34, 35, and 36 of the code, in relation to parties to civil actions, determine, by analogy at least, who should bo made parties to the proceedings in error, and control any legal discretion the court may be supposed to have.”
In all suits or proceedings of an adversary character, the court can acquire no jurisdiction of the case for the purposes of trial or judgment until the party defendant is brought before it. And so long as the plaintiff neglects to have process issued, or any other steps taken with a view to bringing in the defendant, and thus giving jurisdiction to the court, his action or suit can not properly be said to have been commenced or to be pending.
Besides, petitions in error may be filed, as of right, and without leave, both in the court of common pleas and in the district court. And on application for leave to file a petition in error in this court, notice to the opposite party is only required by a rule, which may be dispensed with. Were we then to hold that a proceeding in error is to be regarded as commenced, within the moaning of the statute, whenever a petition in error is filed in the proper court, it would be difficult for a party to an order or judgment of the probate court, or of the court of common picas, to know, even after the lapse of five or more years, whether such order or judgment was beyond the reach of review and reversal. Nothing but a careful examination of the files of the superior courts of his county, as well as of this court, could enable him to know the controversy had ended. *263 On the other hand, he might find a musty petition in error, filed within the proper time, by means of which litigation could be renewed at the pleasure of the opposite party. Such, clearly, is not the policy of the statute.
The plaintiff in error not having procured a summons in *error to be issued during the time allowed by statute for commencing proceedings, and the issuing and service of such summons not having been waived, in writing, by the defendant, the statutory bar interposed by the answer of the defendant must be sustained, and the petition of the plaintiff be dismissed.
Day, White, Welch, and Brinkerhofe, JX, concurred.